# UNITED STATES DISTRICT COURT
## MIDDLE DISTRICT OF FLORIDA
### ORLANDO DIVISION

**DAVID RICE,**

        **Plaintiff,**

**v.**                                                  **Case No:   6:16-cv-290-Orl-40DAB**

**METROPLEX CORPORATION,**

        **Defendant.**

## REPORT AND RECOMMENDATION AND ORDER

**TO THE UNITED STATES DISTRICT COURT:**

This cause came on for consideration without oral argument on the following motions filed herein:

| | |
|---|---|
| **MOTION:** | **Motion for leave to proceed in forma pauperis/affidavit of indigency (Doc. No. 2)** |
| **FILED:** | **February 19, 2016** |

**THEREON** it is **RECOMMENDED** that the motion be **DENIED WITHOUT PREJUDICE**.

Upon a party's submission of an affidavit of indigency, any court of the United States may authorize the party to proceed in forma pauperis. 28 U.S.C. § 1915(a). Section 1915 grants broad discretion to the district courts in the management of in forma pauperis cases. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990); *Phillips v. Mashburn*, 746 F.2d 782, 785 (11th Cir. 1984). The Court may dismiss the case or refuse to permit it to continue without payment of fees if the Court determines that the action is "frivolous or malicious." 28 U.S.C. § 1915(e)(2). A cause of action should not be considered frivolous unless it is "without arguable merit." *Sun v. Forrester,* 939 F.2d 924, 925 (11th Cir. 1991), *cert. denied*, 503 U.S. 921 (1992) (quoting *Harris v. Menendez*, 817 F.2d 737, 739 (11th Cir. 1987)).   To determine if a plaintiff should be permitted to

proceed in forma pauperis, a district court must determine "whether there is 'a factual and legal basis . . . for the asserted wrong, however inartfully pleaded.'" *Id*. (quoting *Watson v. Ault*, 525 F.2d 886, 892 (5th Cir. 1976)). Critical to this analysis is a showing that the claim is within the limited jurisdiction of this federal court. *See Cogdell v. Wyeth*, 366 F.3d 1245, 1247-48 (11th Cir. 2004).

A lawsuit is frivolous if the plaintiff's realistic chances of ultimate success are slight. *Clark v. Ga. Pardons and Paroles Bd.*, 915 F.2d 636, 639 (11th Cir. 1990). Moreover, the district court may dismiss a complaint under Section 1915 on grounds of frivolousness if an affirmative defense would defeat the action. *Id.* at 640. "When the defense is apparent from the face of the complaint or the court's records, courts need not wait and see if the defense will be asserted in a defensive pleading." *Id.* at 641, fn.2. "Indigence does not create a constitutional right to the expenditure of public funds and the valuable time of the courts in order to prosecute an action which is totally without merit." *Phillips*, 746 F.2d at 785, citing *Collins v. Cundy*, 603 F.2d 825, 828 (10th Cir. 1979).

Although it is well established that the pleadings of *pro se* litigants, like Plaintiff, must be liberally construed and "are held to less stringent standards than formal pleadings drafted by lawyers," *Hughes v. Rowe*, 449 U.S. 5, 9 (1980) (per curiam), the Court will not rewrite Plaintiff's pleadings for him. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993). In order to survive dismissal, a Plaintiff must plead facts sufficient to show that his claim has substantive plausibility. *See Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009).

Parties seeking to invoke the limited jurisdiction of the federal court over a cause of action must show that the underlying claim is based upon either diversity jurisdiction (controversies exceeding $75,000 between citizens of different states) or the existence of a federal question (i.e., "a civil action arising under the Constitution, laws, or treaties of the United States") in which a

private right of action has been created or is implied by Congressional intent. *See* 28 U.S.C. § 1331 and §1332.

Applied here, from the limited information provided in the motion, it appears that Plaintiff is indigent, however, the Complaint fails to meet the above standards.  Plaintiff, a truck driver appearing *pro se*, sues his employer (or ex-employer) for what he characterizes as violations of several federal laws, including the "Civil Rights Act," "D.O.T. laws," and the Equal Pay Act (Doc. 1). The Complaint is unsigned, and seeks no specific relief (although Plaintiff appears to seek damages for unpaid overtime in his Motion to Appoint Counsel – Doc. 3, p. 10). While the Complaint alludes to claims which may be cognizable in this Court, it fails to plead sufficient facts to indicate that such claims have substantive plausibility, and is not compliant with the pleading standards of Federal Rules 8(a) and 10(b).

For the foregoing reasons, it is **respectfully recommended** that the Complaint be **dismissed, with leave to amend.**   It is also **recommended** that the motion to proceed as a pauper be **denied, without prejudice to renewal,** upon the timely filing of an Amended Complaint that complies with the pleading standards and states a cognizable claim within the jurisdiction of this court.

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions.  A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation.   *See* 11th Cir. R. 3-1.

**MOTION:** Motion to Appoint Counsel (Doc. No. 3)

**FILED:** February 19, 2016

---

**THEREON** it is **ORDERED** that the motion is **DENIED**.   There is no right to counsel in civil actions, and Plaintiff has not established his efforts to obtain counsel without Court assistance. To the extent Plaintiff is proceeding without

> counsel, he is encouraged to make use of the resources available to *pro se* litigants on the Court's website: http://www.flmd.uscourts.gov/prose/default.htm.

Recommended in Orlando, Florida on April 13, 2016.

*David A. Baker*
DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Unrepresented Party
Courtroom Deputy