# EXHIBIT A

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

_____

**DAVID O. RICE,**

  **Plaintiff,**

v.                **CASE NO. 6:16-CV-00290**

**METROPLEX DISTRIBUTION CORPORATION,**

  **Defendant.**
_____/

## SETTLEMENT AGREEMENT AND GENERAL RELEASE

  This Settlement Agreement and General Release ("Agreement") is made by and between DAVID O. RICE ("RICE") and METROPLEX DISTRIBUTION CORPORATION ("METROPLEX").

  WHEREAS, RICE filed the above-referenced lawsuit (Case No. 6:16-CV-00290) against METROPLEX alleging unpaid wages, disability discrimination, race discrimination, and workers' compensation retaliation; and

  WHEREAS, METROPLEX denies liability herein and any wrongdoing with respect to RICE; and

  WHEREAS, RICE and METROPLEX wish to resolve their disputes and settle and resolve all controversies between them amicably and expeditiously;

  NOW, THEREFORE, in consideration of the mutual covenants set forth herein and other good and valuable consideration, the receipt and sufficiency of which are hereby acknowledged, it is hereby

  STIPULATED AND AGREED by and between the undersigned parties that the above-referenced matters are hereby resolved as follows:

  1. **RECITALS**. The foregoing recitals are true and correct and are incorporated herein by this reference.

  2. **GENERAL RELEASE OF CLAIMS**.

    a. This Agreement shall constitute a waiver and release of all claims RICE might have under federal, state or local law (including, but not limited to, actions for compensatory

1

damages, pain, suffering or emotional distress) against the Releasees (as defined in paragraph 2.c. below).

      b.    RICE shall withdraw, in writing and with prejudice, any and all actions, claims or proceedings that he has filed against METROPLEX.  Specifically, upon Execution of this Agreement, the Parties shall file a mutually agreed upon *Joint Motion for Approval of Settlement and Dismissal with Prejudice and Incorporated Memorandum of Law* with the Court in Case No. 6::16-CV-00290.

      c.    RICE hereby knowingly and voluntarily releases and forever discharges METROPLEX together with its owners, principals, parents, predecessors, successors, assigns, subsidiaries, affiliates, and insurers, and their directors, officers, shareholders, members, employees, agents, and attorneys, both individually and in their capacities as directors, officers, shareholders, members, employees, agents, heirs or attorneys (collectively "Releasees"), of and from any and all claims, whether known, unknown, anticipated, unanticipated, disclosed or undisclosed, against any of the Releasees which RICE has or might have as of the date of execution of this Agreement including, but not limited to, any claims arising out of or in any way connected with RICE's employment with any of the Releasees.  Such claims include, but are not limited to, any claim that has been, could have been or could be alleged against Releasees under:

- Title VII of the Civil Rights Act of 1964, as amended;
- The Civil Rights Act of 1991;
- Sections 1981 through 1988 of Title 42 of the United States Code, as amended;
- The Employee Retirement Income Security Act of 1974, as amended (except for any vested benefits under any tax qualified benefit plan);
- The Immigration Reform and Control Act, as amended;
- The Americans with Disabilities Act of 1990, as amended;
- The Age Discrimination in Employment Act of 1967, as amended;
- The Worker Adjustment and Retraining Notification Act, as amended;
- The Fair Credit Reporting Act;
- The Fair Labor Standards Act of 1938, as amended;
- The Occupational Safety and Health Act, as amended;
- The Sarbanes-Oxley Act of 2002;
- The Equal Pay Act;
- The Family and Medical Leave Act, as amended;
- The Florida Civil Rights Act – Fla. Stat. § 760.01, et seq.;
- Florida's Private-Sector Whistleblower's Act – Fla. Stat. §448.101 et seq.;
- Florida's Public-Sector Whistleblower's Act – Fla. Stat. §112.3187 et seq.;
- Florida's Statutory Provision Regarding Retaliation /Discrimination for Filing a Workers Compensation Claim – Fla. Stat. § 440.205;
- Florida's Statutory Wage Rate Discrimination Law – Fla. Stat. § 448.07;
- The Florida Equal Pay Act – Fla. Stat. § 725.07;
- The Florida AIDS Act – Fla. Stat. § 110.1125, § 381.00 and  § 760.50;
- Florida Discrimination on the Basis of Sickle-Cell Trait Law – Fla. Stat. §§ 448.075 et seq.;

- Florida OSHA - Fla. Stat. § 442.018(2);
- Florida's Wage Payment Laws – Fla. Stat. §§ 448.01, 448.08;
- Florida's Minimum Wage Act – §§ 448.109, 448.110;
- Florida's General Labor Regulations – Fla. Stat. Ch. 448;
- Florida's Domestic Violence Leave Act – Fla. Stat. §741.313;
- Florida's Preservation & Protection of Right to Keep & Bear Arms in Motor Vehicles Act – Fla. Stat. §790.251;
- Any other federal, state or local civil or human rights law or any other local, state or federal law, regulation or ordinance;
- Any public policy, contract, tort, or common law; and
- Any claim for costs, fees, or other expenses including attorneys' fees incurred in these matters.

    d. If any claim is not subject to release, to the extent permitted by law, RICE waives any right or ability to be a class or collective action representative or to otherwise participate in any putative or certified class, collective or multi-party action or proceeding based on such a claim in which any Releasee identified in this Agreement is a party.

  3. **SETTLEMENT SUMMARY**

    a. If (1) RICE delivers to METROPLEX's counsel an executed original of this Agreement and W-9 Forms executed by RICE and RICE's attorney and a W-4 Form executed by RICE, and (2) the revocation period described in paragraph 7 below expires and RICE does not revoke his acceptance of this Agreement, and (3) the Court approves this settlement and enters an Order dismissing the above-referenced case with prejudice, then, in consideration of the matters set forth herein; METROPLEX shall cause to be paid to RICE the total sum of <u>Twenty-Five Thousand Dollars and Zero Cents</u> (**$25,000.00**) (hereinafter the "Settlement Sum"). Such Settlement Sum shall be delivered to RICE's counsel within fourteen (14) days after the Court's approval of this settlement and dismissal of this lawsuit, allocated as follows:

- **<u>$400.00</u>,** less applicable withholdings, made payable to DAVID RICE as and for alleged wages, for which an IRS Form W-2 shall issue to DAVID RICE;

- **<u>$400.00</u>,** made payable to DAVID RICE as and for alleged liquidated damages, which amount shall *not* be subject to deductions or withholding, for which an IRS Form 1099 shall issue to DAVID RICE;

- **<u>$14,200.00</u>,** made payable to DAVID RICE as and for alleged compensatory damages, which amount shall *not* be subject to deductions or withholding, for which an IRS Form 1099 shall issue to DAVID RICE; and

- **<u>$10,000.00</u>,** made payable to the law firm of Wilson McCoy, P.A. as attorneys' fees and costs, for which IRS Form 1099s shall issue to DAVID RICE and Wilson McCoy, P.A.

RICE understands and acknowledges that he would not receive the payments specified in this paragraph, except for RICE's execution of this Agreement, including the General Release contained herein, and his fulfillment of the promises contained herein.

      b.    METROPLEX makes no representation as to the taxability of the amounts to be paid to RICE. RICE agrees to pay federal or state taxes, if any, which are required by law to be paid with respect to this settlement. Moreover, RICE agrees to indemnify METROPLEX and hold it harmless from any interest, taxes or penalties assessed it by any governmental agency as a result of the non-payment of taxes on any amounts paid to RICE under the terms of this Agreement.

      c.    The parties have fully considered Medicare's interests, pursuant to the Medicare Secondary Payer rules, and in doing so, RICE has declared that none of his claims in this action involve any illness, injury, incident, or accident in which medical expenses were incurred.

    4.    **RETURN OF PROPERTY**. RICE represents that, as of the date of this Agreement, he has returned any and all documents, lists, data, confidential information, trade secrets, equipment or other property in his possession belonging to METROPLEX.

    5.    **AFFIRMATIONS**.

      a.    RICE affirms that he has not filed, caused to be filed, or presently is a party to any claim, complaint, or action against METROPLEX in any forum or form, except the above-referenced lawsuit (Case No: 6:16-CV-00290) in the U.S. District Court in and for the Middle District of Florida, Orlando Division and his workers compensation claim with the Division of Administrative Hearings, Office of the Judges of Compensation Claims (OJCC Case No: 13-010608RLD), which has been resolved.

      b.    RICE further affirms that he has reported all hours worked as of the date of this Agreement and has been paid and/or has received all leave (paid or unpaid), compensation, wages, bonuses, commissions, and/or benefits to which he may be entitled and that no other leave (paid or unpaid), compensation, wages, bonuses, commissions and/or benefits are due to him, except as provided in this Agreement and General Release. RICE further affirms that he has no known workplace injuries or occupational diseases that have not already been reported to METROPLEX and has been provided and/or has not been denied any leave requested under the Family and Medical Leave Act or related state or local leave or disability accommodation laws, and he has not been retaliated against for taking/requesting any such leave.

      c.    The Parties acknowledge that this Agreement does not limit any Party's right, where applicable, to file or participate in an investigative proceeding of any federal, state or local governmental agency. To the extent permitted by law, RICE agrees that if such an administrative claim is made, RICE shall not be entitled to recover any individual monetary relief or other individual remedies.

      d.    RICE acknowledges that because of circumstances unique to him including, but not limited to, irreconcilable differences with METROPLEX, he is not qualified to hold any

position with METROPLEX now or in the future and, therefore, shall not apply in the future for employment with METROPLEX.  This is a negotiated, non-retaliatory settlement term.

      6.    **NO ADMISSION**.  Neither this Agreement nor the furnishing of the consideration for this Agreement shall be deemed or construed at any time for any purpose as an admission by METROPLEX of any liability, unlawful conduct of any kind or violation of any of the laws identified in paragraph 2.c. herein.

      7.    **CONFIDENTIALITY**.

          a.    This Agreement may not be introduced in any proceeding except when required to obtain approval hereof, to enforce this Agreement or where this Agreement will be a defense.

          b.    Except as required by law, rule, regulation or subpoena, neither RICE nor his representatives including, but not limited to, his attorneys, shall disclose to any person or entity any information whatsoever regarding: (i) the substance of this action; (ii) the facts surrounding this action or RICE's claims of alleged unlawful or improper conduct by METROPLEX; or (iii) the existence or substance of this Agreement.  If asked about the disposition of RICE's claims, RICE or his representatives will state only to the effect that **"...the matter has been resolved to the satisfaction of all parties concerned."**  The above limitation does not include RICE's disclosure of such information to RICE's spouse, close friend Patricia Taylor, attorneys, accountants and/or professional tax advisers with whom he chooses to consult or seek advice regarding his consideration of and decision to execute this Agreement.

          c.    RICE acknowledges and agrees that any violation of Paragraph 7 will constitute a material breach of this Agreement, which will cause METROPLEX to suffer immediate, substantial and irreparable injury, in an amount which cannot be readily calculated, and such breach will be a sufficient basis for a court to award injunctive relief, attorney's fees and costs to the non-breaching party.

      8.    **REVOCATION.**  RICE acknowledges and understands that he may revoke this Agreement for a period of seven (7) calendar days from the day he executes this Agreement.  Any revocation within this period must be submitted, in writing, to METROPLEX's attorney, Kristyne E. Kennedy, Esquire at Cole, Scott and Kissane, P.A., 1900 Summit Tower Blvd., Suite 400, Orlando, Florida 32810 and state, "I hereby revoke my acceptance of our Confidential Settlement Agreement and General Release."  The revocation must be personally delivered to Ms. Kennedy or her designee, or mailed to Ms. Kennedy and postmarked within seven (7) calendar days of execution of this Agreement.  This Agreement shall not become effective or enforceable until the revocation period has expired.  If the last day of the revocation period is a Saturday, Sunday, or legal holiday, then the revocation period shall not expire until the next following day which is not a Saturday, Sunday, or legal holiday.

      9.    **OPPORTUNITY TO REVIEW**.  RICE acknowledges that he is aware that he has up to twenty-one (21) days to consider this Agreement and, by executing this Agreement, he is giving up all claims he may have against Releasees.  RICE acknowledges that he has been advised

in writing to consult with an attorney and has had the opportunity to seek legal advice before executing this Agreement.  In fact, RICE acknowledges that he has consulted with his counsel-of-record, Gary Wilson, Esq. with Wilson McCoy, P.A. prior to executing this Agreement.  RICE acknowledges he enters into this Agreement voluntarily.

      10.    **SEVERABILITY**.  Except as set forth below, should any provision of this Agreement set forth herein be declared illegal or unenforceable by any court of competent jurisdiction such that it cannot be modified to be enforceable, excluding the general release language, such provision shall immediately become null and void, leaving the remainder of this Agreement in full force and effect.  However, if any portion of the general release language is ruled to be unenforceable for any reason, RICE shall return the Settlement Sum paid hereunder by METROPLEX to the payor.

      11.    **VENUE AND GOVERNING LAW**.  This Agreement shall be governed by the laws of the State of Florida without regard to its conflict of laws provisions.  In the event of any action arising hereunder, venue shall be proper in the U.S. District Court in and for the Middle District of Florida, Orlando Division.  In the event that a party commences an action for damages, injunctive relief or otherwise to enforce the provisions of this Agreement, the prevailing party in any such action shall be entitled to an award of its reasonable attorneys' fees and all costs, including appellate fees and costs, incurred in connection therewith as determined by the court in any such action.

      12.    **ENTIRE AGREEMENT.**  This Agreement sets forth the entire agreement between RICE and METROPLEX, and supersedes any and all prior oral or written agreements, understandings, representations or warranties between the parties, except any valid non-compete, non-disclosure, confidentiality or other restrictive covenant agreements, which remain in full force and effect.

      13.    **AMENDMENTS**.  This Agreement may not be amended, modified, altered, or changed, except by a written agreement which is both signed by all parties and which makes specific reference to this Agreement.

      **RICE IS ADVISED THAT HE HAS UP TO TWENTY-ONE (21) CALENDAR DAYS TO CONSIDER THIS AGREEMENT AND GENERAL RELEASE.**

      **RICE MAY REVOKE THIS AGREEMENT AND GENERAL RELEASE FOR A PERIOD OF SEVEN (7) CALENDAR DAYS FOLLOWING THE DAY RICE SIGNS THIS AGREEMENT AND GENERAL RELEASE.  ANY REVOCATION WITHIN THIS PERIOD MUST BE SUBMITTED, IN WRITING, TO KRISTYNE E. KENNEDY, ESQ. AND STATE, "I HEREBY REVOKE MY ACCEPTANCE OF OUR CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE."  THE REVOCATION MUST BE PERSONALLY DELIVERED TO KRISTYNE E. KENNEDY OR HER DESIGNEE, OR MAILED TO KRISTYNE E. KENNEDY AND POSTMARKED WITHIN SEVEN (7) CALENDAR DAYS AFTER RICE SIGNS THIS AGREEMENT AND GENERAL RELEASE.**

RICE AGREES THAT ANY MODIFICATIONS, MATERIAL OR OTHERWISE, MADE TO THIS AGREEMENT AND GENERAL RELEASE, DO NOT RESTART OR AFFECT IN ANY MANNER THE ORIGINAL TWENTY-ONE (21) CALENDAR DAY CONSIDERATION PERIOD.

HAVING ELECTED TO EXECUTE THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE, TO FULFILL THE PROMISES SET FORTH HEREIN, AND TO RECEIVE THEREBY THE SETTLEMENT SUM AND BENEFITS SET FORTH IN PARAGRAPH 3 ABOVE, RICE FREELY AND KNOWINGLY AND AFTER DUE CONSIDERATION, ENTERS INTO THIS CONFIDENTIAL SETTLEMENT AGREEMENT AND GENERAL RELEASE INTENDING TO WAIVE, SETTLE AND RELEASE ALL CLAIMS HE HAS OR MIGHT HAVE AGAINST RELEASES. RICE ACKNOWLEDGES THAT HE HAS NOT RELIED ON ANY REPRESENTATIONS, PROMISES, OR AGREEMENTS OF ANY KIND MADE TO HIM IN CONNECTION WITH HIS DECISION TO SIGN THIS AGREEMENT.

THE SIGNATORIES HAVE CAREFULLY READ THIS ENTIRE AGREEMENT, HAVE BEEN REPRESENTED BY COUNSEL THROUGHOUT THE NEGOTIATION OF THIS AGREEMENT, AND HAVE CONSULTED WITH THEIR ATTORNEYS BEFORE SIGNING THIS AGREEMENT. THE PARTIES FULLY UNDERSTAND THE FINAL AND BINDING EFFECT OF THIS AGREEMENT. THE ONLY PROMISES OR REPRESENTATIONS MADE TO ANY SIGNATORY ABOUT THIS AGREEMENT ARE CONTAINED IN THIS AGREEMENT.

THE PARTIES ARE SIGNING THIS AGREEMENT VOLUNTARILY AND KNOWINGLY.

Dated: April 20, 2017

_David Rice_
DAVID RICE

STATE OF FLORIDA )
)
COUNTY OF Orange )

SWORN TO AND SUBSCRIBED before me this 20th day of April, 2017 by DAVID RICE, who is personally known to me, or has produced FL DL #R200-174-63-098-0 as identification.

_Gary D. Wilson_
Notary Public



GARY D. WILSON
Notary Public - State of Florida
Commission # FF 191092
My Comm. Expires Apr 29, 2019
Bonded through National Notary Assn.

- 7 -

Dated: May 10, 2017         METROPLEX DISTRIBUTION CORPORATION

By: _____

Print name: Gilbert Regalado

Title: President