# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# ORLANDO DIVISION

**DAVID RICE,**

        **Plaintiff,**

**v.**                               **Case No:  6:16-cv-290-Orl-40DCI**

**METROPLEX CORPORATION,**

        **Defendant.**

## REPORT AND RECOMMENDATION

This cause comes before the Court for consideration without oral argument on the following motion:

| | |
|---|---|
| **MOTION:** | **JOINT MOTION FOR APPROVAL OF SETTLEMENT AGREEMENT AND DISMISSAL WITH PREJUDICE (Doc. 36)** |
| **FILED:** | May 15, 2017 |
| | **THEREON** it is **RECOMMENDED** that the motion be **GRANTED**. |

## I. BACKGROUND

On May 18, 2016, Plaintiff filed an amended complaint (the Complaint) alleging various causes of action against Defendant, including a cause of action for violation of the overtime provisions of the Fair Labor Standards Act (the FLSA).[1]  Doc. 7.

---

[1] Plaintiff also alleged causes of action for unlawful discrimination under the Americans with Disabilities Act (Count II), for unlawful race discrimination (Count III), for common law unpaid wages (Count IV), and for unlawful worker's compensation retaliation (Count V).  Docs. 7; 36 at 1.

On May 15, 2017, the parties filed a Joint Motion for Approval of Settlement Agreement and Dismissal with Prejudice (the Motion), to which the parties attached the settlement agreement (the Agreement).  Docs. 36; 36-1.  The Agreement provides that Defendant will pay Plaintiff a total of $800.00 to settle Plaintiff's FLSA claim.[2]  Doc. 36-1 at 4.  The Agreement further provides that Defendant will pay Plaintiff $14,200.00 for alleged compensatory damages.[3]  *Id*.  Finally, the Agreement provides that Defendant will pay Plaintiff $10,000.00 in attorney fees and costs.  *Id*. The parties request that the Court approve the Agreement and dismiss the case with prejudice. Docs. 36; 36-1.

## II.     LAW

The settlement of a claim for unpaid minimum or overtime wages under the FLSA may become enforceable by obtaining the Court's approval of the settlement agreement.[4]  *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1352-53 (11th Cir. 1982).  The Court, before giving its approval, must scrutinize the settlement agreement to determine whether it is a fair and reasonable resolution of a bona fide dispute of plaintiff's FLSA claims.  *See id*. at 1353-55.  In doing so, the Court should consider the following nonexclusive factors:

- The existence of collusion behind the settlement.
- The complexity, expense, and likely duration of the litigation.

---

[2] The Agreement provides for $400.00 in wages and $400.00 in liquidated damages.  Doc. 36-1 at 4.

[3] In the Motion, the parties represented that the $14,200.00 is for alleged compensatory damages related to Plaintiff's non-FLSA claims and in consideration for the general release.  Doc. 36 at 4. The parties further represented that the $14,200.00 was negotiated separately and without regard to Plaintiff's FLSA claim.  *Id*.

[4] The settlement of a claim for unpaid minimum or overtime wages under the FLSA may also become enforceable by having the Secretary of Labor supervise the payment of unpaid wages. *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir. 1982).

- The state of the proceedings and the amount of discovery completed.
- The probability of plaintiff's success on the merits.
- The range of possible recovery.
- The opinions of counsel.

*See Leverso v. SouthTrust Bank of Ala., Nat'l Assoc.*, 18 F.3d 1527, 1531 n.6 (11th Cir. 1994). The Court may approve the settlement if it reflects a reasonable compromise of the FLSA claims that are actually in dispute. *See Lynn's Food Stores*, 679 F.2d at 1354. There is a strong presumption in favor of settlement. *See Cotton v. Hinton*, 559 F.2d 1326, 1331 (5th Cir. 1977).[5]

The Court, in addition to the foregoing factors, must also consider the reasonableness of the attorney fees to be paid pursuant to the settlement agreement "to assure both that counsel is compensated adequately and that no conflict of interest taints the amount the wronged employee recovers under a settlement agreement." *Silva v. Miller*, 307 F. App'x 349, 351-52 (11th Cir. 2009).[6] The parties may demonstrate the reasonableness of the attorney fees by either: 1) demonstrating the reasonableness of the proposed attorney fees using the lodestar method; or 2) representing that the parties agreed to plaintiff's attorney fees separately and without regard to the amount paid to settle plaintiff's FLSA claim. *See Bonetti v. Embarq Mgmt. Co.*, 715 F. Supp. 2d 1222, 1228 (M.D. Fla. 2009).

---

[5] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

[6] In the Eleventh Circuit, unpublished decisions are not binding, but are persuasive authority. *See* 11th Cir. R. 36-2.

### III.     ANALYSIS

#### A.  Settlement Amount.

This case involves disputed issues of liability under the FLSA, which issues constitute a bona fide dispute. Docs. 7; 29; 36 at 4; 36-1. The parties were represented by experienced counsel throughout the course of this litigation. Doc. 36 at 4.

In the Motion, the parties represented that $400.00 was the most that Plaintiff could be owed in unpaid wages based upon the facts Plaintiff alleged in the Complaint. Doc. 36 at 2. The parties represented that the settlement amount of $800.00 in unpaid wages and liquidated damages is therefore equal to or greater than the full amount Plaintiff could have recovered based upon his allegations, and thus that there was no compromise of the settlement amount. *Id*. at 3. The parties further represented that the settlement amount was decided after the parties had analyzed the relevant documents and engaged in settlement discussions. *Id*. at 2-3. The parties also represented that they settled this matter in order to avoid the cost and time of litigating the issues, and that they agreed to the terms of the settlement after being counseled by their respective attorneys. *Id*. at 4.

Based upon the foregoing, the undersigned finds that $800.00 is a fair and reasonable settlement amount in this case. Accordingly, it is **RECOMMENDED** that the Court find the amount of the parties' settlement to be fair and reasonable.

#### B.  The Terms of the Agreement.

The Agreement contains a general release and a confidentiality provision. Doc. 36-1 at 2-4, 6. In the Motion, the parties represented that in exchange for the general release, Defendant provided Plaintiff with consideration that was separate and apart from the settlement amount for Plaintiff's FLSA claims. Docs. 36 at 4. However, the parties did not address the confidentiality

provision in their Motion.  Doc. 36.  The confidentiality provision is broadly written and applies to Plaintiff's FLSA claim.[7]  *Id.*

Courts in this circuit routinely strike confidentiality provisions in FLSA settlement agreements as unenforceable and contrary to the legislative purpose of the FLSA.  *See, e.g.*, *Ramnaraine v. Super Transp. of Fla.. LLC*, 6:15-cv-710-Orl-22GJK, 2016 WL 1376358, at *3-4 (M.D. Fla. Mar. 18, 2016) (stating that confidentiality clauses contained in FLSA settlement agreements "thwart Congress's intent to ensure widespread compliance with the FLSA" and that they are inherently unenforceable due to the public filing of settlement agreements) (citations and internal quotations omitted), *report and recommendation adopted*, 2016 WL 1305353 (M.D. Fla. Apr. 4, 2016); *Santiago-Valle v. The Transition House, Inc.*, 6:15-cv-715-Orl-40GJK, 2015 WL 9244681, at *1-2 (M.D. Fla. Dec. 18, 2015); *Menjiva v. E & L Const. Serv., LLC*, No. 6:15-cv-2057-Orl-31KRS, 2015 WL 3485991, at *3 (M.D. Fla. June 2, 2015); *Pariente v. CLC Resorts and Devs., Inc.*, 6:14-cv-615-Orl-37TBS, 2014 WL 6389756, at *1-2, 5-6 (M.D. Fla. Nov. 14, 2014); *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1242-43 (M.D. Fla. 2010) ("The district court should reject as unreasonable a compromise that contains a confidentiality provision, which is unenforceable and operates in contravention of the FLSA.").  Accordingly, it is

---

[7] The confidentiality provision provides, in part, as follows:

> b.      Except as required by law, rule, regulation or subpoena, neither RICE nor his representatives including, but not limited to, his attorneys, shall disclose to any person or entity any information whatsoever regarding: (i) the substance of this action; (ii) the facts surrounding this action or RICE's claims of alleged unlawful or improper conduct by METROPLEX; or (iii) the existence or substance of this Agreement. If asked about the disposition of RICE's claims, RICE or his representatives will state only to the effect that **"...the matter has been resolved to the satisfaction of all parties concerned."**

Doc. 36-1 at 6 (emphasis in original)

**RECOMMENDED** that the Court strike the confidentiality provision, Doc. 36-1 ¶ 7(a)-(c), from the Agreement.[8]

### C. Attorney Fees and Costs.

Under the Agreement, Plaintiff's counsel will receive a total of $10,000.00 as attorney fees and costs. Docs. 36 at 3-4; 36-1 at 4-5. The parties represent that the attorney fees and costs were "negotiated separately and without regard to Plaintiff's FLSA claims." Doc. 36 at 4. The settlement is reasonable to the extent previously discussed, and the parties' foregoing representation adequately establishes that the issue of attorney fees and costs was agreed upon separately and without regard to the amount paid to Plaintiff. *See Bonetti*, 715 F. Supp. 2d at 1228. Accordingly, pursuant to *Bonetti*, it is **RECOMMENDED** that the Court find the amount of the attorney fees and costs to be fair and reasonable.

### IV.   CONCLUSION

Accordingly, it is **RECOMMENDED** that the Motion (Doc. 36) be **GRANTED** as follows:

1. The confidentiality provision, Doc. 36-1 ¶ 7(a)-(c), be **STRICKEN** from the Agreement (Doc. 36-1);
2. The Agreement (Doc. 36-1) otherwise be found to be a fair and reasonable settlement of Plaintiff's FLSA claim;
3. The case be **DISMISSED with prejudice**; and
4. The Clerk be directed to close the case.

---

[8] The Agreement includes a severability provision providing, in part, that "should any provision of this Agreement . . . be declared illegal or unenforceable . . . such that it cannot be modified to be enforceable, . . . such provision shall immediately become null and void, leaving the remainder of the agreement in full force and effect." Doc. 36-1 ¶ 10.

**NOTICE TO PARTIES**

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. *See* 11th Cir. R. 3-1.  **If the parties have no objection to this Report and Recommendation, they may promptly file a joint notice of no objection in order to expedite the final disposition of this case.**

Recommended in Orlando, Florida on June 30, 2017.

_____
DANIEL C. IRICK
UNITES STATES MAGISTRATE JUDGE

Copies furnished to:

Presiding District Judge
Counsel of Record
Unrepresented Party
Courtroom Deputy